Raymond D. TALLY, Movant,

v.

Barbara E. TALLY, Respondent.

Supreme Court of Kentucky.

May 13, 1980.

Rehearing Denied Sept. 23, 1980.

Charles P. Wagner, Covington, for movant.

Frank A. Wichmann, Covington, for respondent.

PALMORE, Chief Justice.

Raymond and Barbara Tally, husband and wife, residents of Kentucky, separated in May of 1977. Since that time he has lived in Florida and she has continued to reside in Kentucky. In September of 1977 Barbara sued in the Kenton Circuit Court for a legal separation, for custody of the five children born of her marriage with Raymond, for maintenance and child support, and for a division of marital assets. Jurisdiction was obtained by warning order process, and Raymond did not appear or plead. On March 2, 1978, the trial court entered a decree of legal separation in which a ruling on child support and maintenance of the wife was expressly reserved "until personal jurisdiction of the Respondent is acquired."

On March 28, 1978, Barbara caused a summons to be issued against Raymond pursuant to KRS 454.275, which reads as follows:

"A court may exercise personal jurisdiction over a person whose marital domicile is in Kentucky, and who, for the purpose of avoiding support and maintenance of his minor children, removes himself from the jurisdiction of the court. In such cases service may be had as provided in KRS 454.210 and 454.270."

The summons was duly mailed to Raymond and received by him on July 3, 1978. He did not respond, and on July 31, 1978, the trial court conducted a hearing and entered findings of fact, conclusions of law and a judgment determining that Raymond had removed himself from the jurisdiction of the court for the purpose of avoiding support and maintenance of the children and directing him to pay $1300 per month for child support, $195 per month for Barbara's maintenance, and $2300 for services rendered by Barbara's attorney. This, at

last, galvanized Raymond into action, and on August 15, 1978, he filed a motion to quash the service of summons, supported by an affidavit in which he stated, among other things, that he had not removed himself from the jurisdiction of the court for the purpose of avoiding the support and maintenance of his minor children. The motion was denied without a hearing, and an appeal followed.

The Court of Appeals held that the trial court's finding that Raymond had left the state to avoid supporting the children was not erroneous and that the summons was good; that the personal jurisdiction thus obtained was not confined to the issue of child support, but included as well the issues of maintenance and attorney fee; and that the amounts awarded by the trial court for child support and Barbara's maintenance were excessive. It remanded the cause for further proceedings with regard to these awards.

We find ourselves at odds with the otherwise excellent opinion of the Court of Appeals in but one respect.

The jurisdiction of the trial court to render a judgment *in personam* against Raymond is conditioned on the fact that he left Kentucky to avoid supporting his children, because that is the statutory basis for the substituted service authorized by KRS 454.-275. The trial court's finding of that fact, and the judgment based on that finding, are most assuredly open to challenge, either by collateral attack or through CR 60.02, in which Raymond is or would be entitled to a hearing. Unless it be determined on the basis of a due process evidentiary hearing that he did in fact leave Kentucky for the purpose of avoiding the support of his children, then he has never at any time been personally subject to the jurisdiction of the court and is bound neither by its earlier findings of fact nor its judgment. Though perhaps a CR 60.02 proceeding might have been a more appropriate procedural vehicle, certainly his motion to quash was intended for the same purpose and should be construed accordingly. He is entitled to a hearing on the jurisdictional predicate of whether his removal from Kentucky was motivated in a substantial degree by an intent to avoid the authority of the Kentucky courts to act against him in the matter of support of his children.

The decision of the Court of Appeals is affirmed in all other respects, and the judgment of the trial court is reversed with directions for further proceedings consistent with this opinion.

All concur.